**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PSYCHIATRIC SOLUTIONS, INC.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **FEDERAL EMERGENCY** | : | |
| **MANAGEMENT AGENCY,** *et al.* | : | **NO.  13-5237** |

**<u>MEMORANDUM</u>**

**RESTREPO, J.**                                                    **MARCH 31, 2015**

The National Flood Insurance Program ("NFIP") adjusts and pays flood insurance claims through private insurers who act as fiscal agents of the United States Treasury.  These private insurers issue Standard Flood Insurance Policies.  Plaintiff, Psychiatric Solutions, Inc. ("Psychiatric Solutions"), had a Standard Flood Insurance Policy ("SFIP") through its insurer, Fidelity National Property and Casualty Ins. Co. ("Fidelity").  Dissatisfied with the amount paid by Fidelity for Psychiatric Solutions' flood loss after Hurricane Irene, plaintiff now sues defendant Fidelity for breaching the SFIP contract and for federal extra-contractual claims of fraud and misrepresentation.[1]

Before the Court is defendant's Motion for Summary Judgment on each of Psychiatric Solutions' claims.[2]  For the reasons explained below, defendant's motion is granted.

---

[1] Wright National Flood Insurance Company represents that it was formerly known as Fidelity National Property and Casualty Insurance Company.  *See* Def.'s Br. (Document 32) at 1.

[2] During a July 25, 2014 status teleconference on July 25, 2014, during which oral argument was also held on defendant's pending summary judgment motion, "the parties[] stipulate[ed] . . . that there are no genuine issues of material fact in dispute and that this case may be resolved by the Court on the record submitted in support of defendant's summary judgment motion and plaintiff's opposition thereto."  *See* Order 7/28/14 (ECF Document 56) (cancelling the previously scheduled non-jury trial in this case, in light of the parties' stipulation).

I.   **BACKGROUND**

Fidelity issued a SFIP to Psychiatric Solutions that provided flood insurance coverage for plaintiff's property located in Fort Washington, Pennsylvania.  (JA 4, 7.)[3]  A SFIP is an insurance policy that is part of a larger statutory framework designed to encourage private insurers to provide flood protection.  *See Suopys v. Omaha Prop. & Cas.*, 404 F.3d 805, 807 (3d Cir. 2005).  As part of this statutory framework, Fidelity acted as a fiscal agent of the government by issuing SFIPs, which implemented terms and conditions of the Federal Emergency Management Agency ("FEMA").  *Id.*  SFIP claims are paid from federal funds.  *Id.*

The SFIP issued to Psychiatric Solutions by Fidelity was effective from September 4, 2010 through September 4, 2011.  (JA 4.)  A few days before the policy expired, Psychiatric Solutions suffered from flood damage caused by Hurricane Irene on August 28, 2011.  (JA 7.)

After inspections and approval, Fidelity paid $500,000 for the damage to the building on December 20, 2011, and $134,275.03 for the actual cash value ("ACV") of the personal property on April 25, 2013.  (JA 9 & 10.)  In dispute is Fidelity's handling and payment of Psychiatric Solutions' personal property claim.

The day after Hurricane Irene, Psychiatric Solutions notified Fidelity of the damage, and on August 30, Fidelity assigned an independent adjuster.  (JA 8.)  Before the independent adjuster inspected the damage, Psychiatric Solutions' property was flooded again on September 8, 2011 by another storm.  (JA 8.)[4]  This second storm hit four days after Fidelity's policy expired.  (JA 4, 8.)  Three days after the second storm, the independent adjuster came to inspect

_____

[3] In support of their respective positions, the parties have submitted a Joint Appendix (hereinafter cited as "JA") which includes each party's exhibits wherein each page of the Joint Appendix is identified by a Bates number.

[4] The damage from this other storm was covered by Psychiatric Solutions' insurance policy that was effective at that time.  (JA 107.)

the damage.  (JA 101.)  The personal property at issue in this litigation was discarded by plaintiff prior to the independent adjuster's inspection.  (JA 9.)  In that the personal property was not available for inspection by the independent adjuster, he prepared an ACV contents estimate in the amount of $170,368.80 based upon plaintiff's list of contents.  (*Id.*)  The independent adjuster also prepared a proof of loss ("POL") for contents damage in this amount which was signed by plaintiff on January 31, 2012.  (*Id.*)

However, in that Fidelity was required to verify the alleged flood damage, *see* 44 C.F.R. § 62.23, and all claim payments were subject to final approval by Fidelity and FEMA (JA 9), Fidelity requested additional information from plaintiff, through the independent adjuster, and requested that the original contents list be revised to include items that could be documented by the independent adjuster as having been damaged by flooding associated with Hurricane Irene and that plaintiff provide the documentation supporting the damage.  (JA 9.)  Subsequently, the independent adjuster prepared a revised ACV contents estimate in the amount of $134,276.03 along with a POL in that amount which was signed by plaintiff on January 30, 2013 and which was submitted to Fidelity for review.  (JA 9-10.)

To receive either the $170,368.80 or $134,275.03, Psychiatric Solutions was required by the SFIP to submit for approval a signed and sworn POL by FEMA's deadline.  *See* 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4).  A POL is a document that lists the damage and how it occurred. *Id.*  Typically the deadline for filing this form is 60 days after the damage, *see id.*, but for Hurricane Irene, FEMA extended it to January 23, 2012.  (JA 69.)  When a POL is filed after FEMA's deadline, FEMA can grant a waiver to allow the claim to be paid despite its lateness. (JA 435.)

Here, two POLs were signed by Psychiatric Solutions and filed late, but FEMA granted a waiver on only one of the POLs.  (JA 9-10.)  The first POL for $170,368.80 was signed by Psychiatric Solutions on January 31, 2012 and received by Fidelity on February 3, 2012.  (JA 16, 105.)  The second POL for $134,275.03 was signed by Psychiatric Solutions on January 30, 2013.  (JA 66.)  Prior to filing this POL, several e-mails were exchanged questioning how the damage from the storms was separated.  (JA 104, 387-88, 421-25.)  About four months after the POL for $134,275.03 was signed, Fidelity requested a waiver from FEMA on the $134,275.03 claim.  (JA 67.)  In this email, Fidelity explained to FEMA that, "[t]here was a disagreement about which items were damaged by which storm.  The insured subsequently agreed to the above damages and submitted the signed Proof of Loss . . ."  (JA 67-8.)  The waiver for the $134,275.03 claim was approved on April 24, 2013, and Fidelity paid Psychiatric Solutions that amount the following day.  (JA 67, 71, 435.)

Psychiatric Solutions subsequently requested a waiver from FEMA on plaintiff's $170,368.80 claim.  (JA 445.)  In this request, Psychiatric Solutions pointed out to FEMA that, "FEMA granted [Fidelity] a waiver/extension to file a second [POL] which was dated a year later than the $170k [POL]."  (JA 445.)  However, Psychiatric Solutions' request for a waiver on the $170,368.80 claim was denied on July 22, 2014.  (JA 450.)  FEMA's denial included the following explanation:

> Based upon review of your waiver request on the signed POL dated January 31, 2012 for $170,368.80, it has been determined there are no additional items eligible for payment under your policy and that no further payment is due.  You have not demonstrated additional covered damage for which you have not already received compensation under your SFIP.  FEMA previously granted a partial waiver of the POL deadline to allow payment of $134,276.03 which was paid to the policyholder.  The remaining amount of $36,092.77 for which you seek an extension

4

> of the POL deadline is not supported by appropriate documentation
> and FEMA is unable to grant the insured a waiver for this amount.

(*Id.*)    Thus, FEMA clarified that plaintiff's request for a waiver on the claim for an additional $36,092.77 was denied because plaintiff's request was "not supported by appropriate documentation." (*Id.*)

Psychiatric Solutions now argues that its untimeliness should be excused because of another earlier email. *See* Pl.'s Br. (Document 38) at 16. On October 11, 2011, Fidelity's Vice President of Claims emailed its independent adjuster to "not convert the contractor's bill into the estimate. Please do not allow him to take a POL on this file until we have approved this claim." (JA 106.) Psychiatric Solutions argues that this email excuses plaintiff from its obligation to file a timely POL for the personal property claim because it was a repudiation of the POL procedure provided in the SFIP, *see* Pl.'s Br. 16. Defendant responds that it is undisputed that Fidelity ultimately did take a POL and actually paid plaintiff $134,276.03 for personal property damage under the SFIP, and Fidelity's non-approval of the remainder of the claim was nothing more than a partial denial of the claim. *See* Def.'s Reply 2.

## II.    JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction pursuant to 42 U.S.C. § 4072 because Psychiatric Solutions seeks as damages payment of United States Treasury funds from Fidelity in its capacity as a fiscal agent of FEMA under 42 U.S.C. § 4071. *Suopys*, 404 F.3d at 808. In ruling on a motion for summary judgment, a court must "construe the evidence in the light most favorable" to the non-moving party, *Zimmerman v. Norfolk S. Corp.*, 706 F.3d 170, 176 (3d Cir. 2013), and grant summary judgment where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," *see* Fed. R. Civ. P. 56(a). Once the moving party has

carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  It must, instead, identify evidence sufficient to support a verdict in its favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In this case, the parties have stipulated that there are no genuine issues of material fact in dispute and that this case may be resolved by the Court on the record submitted.  *See supra* note 2; *see also* Order 7/28/14 (Document 56).


### III.   DISCUSSION

#### (A)   Breach of Contract Claim

Psychiatric Solutions claims that Fidelity violated the SFIP by failing to pay the difference between the two POLs ($36,093.77).  *See* Pl.'s Second Am. Compl ("SAC") (Document 37) at 9.  However, as a government fiscal agent, Fidelity could not properly pay this because Psychiatric Solutions did not fulfill its obligations under the SFIP and plaintiff was unable to obtain the required waiver for the difference in the amounts of the two signed POLs.

The SFIP places the burden on the insured to follow all of the requirements listed by the SFIP when filing a POL.  *Suopys*, 404 F.3d at 810 (holding that despite assurances from the insurance company that the insured could file the POL after FEMA's deadline, the insured could not collect because the insured was responsible for timely filing).  These requirements include filing a signed POL by the deadline set by FEMA.  *Peterson v. Nat'l Flood Ins. Prog.*, 200 F.Supp. 2d 499, 504 (E.D. Pa. 2002).  The insured must timely file the POL, regardless of the

6

actions of the insurer.  *Messa v. Omaha Prop. & Cas. Inc. Co.*, 122 F.Supp. 2d 523, 531 (D. N.J. 2000).  The regulations governing the SFIP explain that services provided by an insurance adjuster are "a matter of courtesy only," *see Sutor v. FEMA*, 2009 WL 2004375, *8 (E.D. Pa. 2009) (quoting 44 C.F.R. pt. 61, App. A(1), Art. VII, cl. J, § 7), and "you must still send us a [timely] proof of loss . . . even if the adjuster does not furnish the form or help you complete it," *see* 44 C.F.R. pt. 61, App. A(1), Art. VII, cl. J, § 7; *see also Sutor*, 2009 WL 2004375, at *8 ("Plaintiffs' obligation to file a [POL] was independent of the Adjuster Defendants' conduct."). If the terms of the SFIP, including filing the proof of loss, are not followed, the insurer cannot waive or alter it, unless instructed in writing by the government.  *Suopys*, 404 F.3d at 807.

Psychiatric Solutions admits that the POL for $170,368.80 was filed after the January 2012 deadline, but it raises three arguments to excuse the delay: (1) a POL for the building damage (as opposed to the contents damage) was filed on time; (2) plaintiff submitted to Fidelity all the information necessary to create a POL; and (3) FEMA granted an extension for a POL until January 2012.  *See* Pl.'s Br. at 8-10, 16-17.

These arguments fall short because, as explained above, the responsibility lies with the insured to fulfill all the requirements of the SFIP.  The filing of the building damage POL does not cause the personal property POL to be timely since it was filed past the deadline.  Second, as stated in the regulations, any assistance of the insurer in completing a POL is a courtesy, and Psychiatric Solutions was ultimately responsible, regardless of what was submitted to Fidelity. Moreover, FEMA's waiver was explicitly for the amount of $134, 275.03.

Psychiatric Solutions also argues that the requirements of the SFIP should not apply because Fidelity repudiated the contract, so its actions were no longer governed by the SFIP rules.  *Id.* at 16.  Plaintiff alleges that Fidelity repudiated the contract when it sent the email to

the independent adjuster on October 11, 2011 asking him to hold off submitting a POL until the claim was approved.  (JA 106.)

Here, as in *Jacobson v. Metropolitan Property & Cas. Ins. Co.*, 672 F.3d 171, 177 (2d Cir. 2012), it is unnecessary to address whether repudiation can excuse noncompliance with claims requirements in the NFIP context, because Fidelity did not repudiate the policy. "Repudiating an insurance policy is not the same as denying that the claim presented is covered by the terms of that policy." *Id.*  Even assuming this email related to the personal property claim, rather than the building damage claim, Fidelity was not shirking the contract or denying the policy as a whole by this email.  Instead it was laying steps for the independent adjuster so that Psychiatric Solutions can receive its payment.  Even if there may have been a delay in the filing of a POL because of this email, Psychiatric Solutions ultimately received two payments from Fidelity for the approved amounts of damage to the building and the personal property, respectively.  Psychiatric Solutions was obligated to fulfill all SFIP requirements, regardless of the statements and assistance of the insurer.

### (B) Extra-Contractual Claims

Psychiatric Solutions claims that Fidelity committed misrepresentation and fraud, under federal common law.  Both parties agree that SFIP and the federal flood insurance statutory framework preempt state common law extra-contractual claims.  *See, e.g.,* Pl.'s Br. 21; Pl.'s Sur-Reply 3.  They disagree about whether federal common law extra-contractual claims are also preempted.

Federal common law extra-contractual claims are barred because the federal flood insurance law does not authorize them.  *Wright v. Allstate Ins. Co.*, 500 F.3d 390, 398 (5th Cir.

2007); *Sutor,* 2009 WL 2004375, at *8. In *Wright*, the plaintiff raised extra-contractual claims

for fraud and negligent misrepresentation for the denial of his flood coverage. *Wright*, 500 F.3d

at 392. The Court held that he could not raise these claims under either federal or state common

law because Congress did not intend for this when drafting the federal flood insurance laws. *Id.*

Here, Psychiatric Solutions similarly raises extra-contractual claims. For the reasons explained

in *Wright*, plaintiff's claims are denied.[5] *See also Sutor*, 2009 WL 2004375, at *5-7.


## IV. CONCLUSION

As a matter of law, Psychiatric Solutions cannot prove that Fidelity breached its contract

with plaintiff. Plaintiff's claim of a breach of contract by Fidelity cannot succeed where, among

other things, plaintiff failed to comply with all the required provisions of the SFIP since it failed

to submit a timely POL for the additional $36,093.77. Its federal extra-contractual claims must

also be denied because federal flood insurance laws preempt them. Defendant's motion for

Summary judgment is granted.

An appropriate Order follows.

---

[5] Even if federal common law extra-contractual claims were permitted, Psychiatric
Solutions cannot prove that Fidelity misrepresented or acted fraudulently. Psychiatric Solutions
alleges that Fidelity erred when requesting the waiver from FEMA because it stated, "There was
a disagreement about which items were damaged by which storm. The insured subsequently
agreed to the above damages and submitted the signed [POL] on January 31, 2012." *See* Pl.'s
Br. 21-22. Psychiatric Solutions cannot claim fraudulent misrepresentation because no material
fact was misrepresented, plaintiff was not the recipient, and no one was damaged. First, there
was no misrepresentation. By signing the POL for $134,276.03, Psychiatric Solutions did agree
to this figure. (JA 66.) Also, the parties disagreed as to the damages. (JA 104, 387-88, 421-25.)
Finally, the waiver granted by FEMA was explicitly for $134,276.03. (JA 67-68.) FEMA
specifically denied Psychiatric Solutions' request for a waiver on the difference between the two
POLs. (JA 450). In addition, the challenged representation was to FEMA, not to Psychiatric
Solutions. In any event, in that the NFIP and the SFIP do not authorize plaintiff to bring his
extra-contractual claims against Fidelity, plaintiff's claims must fail in that regard.